```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-CV-14398 MOORE
                              MAGISTRATE P. A. WHITE
```

GLENN C. SMITH,              :

    Petitioner,         :

v.                           :          REPORT OF
                                        MAGISTRATE JUDGE
WALTER A. MC NEIL            :

    Respondent.         :
_____

    Glenn Smith, a state prisoner confined at Martin Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 & 2254, attacking the guilty determination of two disciplinary reports in violation of Florida Administrative Code Ch. 33-601, 314.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition and memorandum of law, the Court has the respondents' responses to an order to show cause with exhibits, the petitioner's reply.

    Smith makes the following claims:

> 1) The petitioner was denied the procedural due process requiring Florida Department of Corrections officials to follow their own rule.
>
> 2) The April 28, 2005 Disciplinary Report was issued to the petitioner solely in retaliation for petitioner's exercise of his retained rights to free speech and to seek redress of grievances, to chill these rights

and have no legitimate perological [sic] interest.

3) The Florida Department of Correction's "disobeying order" rule is unconstitutional under either a procedural due process or substantive due process analysis for vagueness and overbreadth and was unconstitutionally applied to the petitioner in violation of procedural due process.

4) The April 28, 2005 Disciplinary Report hearing team's written statement of the evidence relied upon was legally insufficient to provide the petitioner with the requisite due process where there were no statements as to the indicia of reliability of the evidence relied upon.

5) The April 28, 2005 Disciplinary Report hearing team's written statement of the evidence relied upon was legally insufficient to provide the petitioner with the requisite due process where there was no statement of a determination of the validity of the order the petition was alleged to have disobeyed.

6) The petitioner was denied due process when he was infracted [sic] for disobeying an illegal order.

7) The April 28, 2005, Disciplinary Report hearing team's decision of guilt did not comport with due process where the objective weight of the evidence was entirely in petitioner's favor with no legally sufficient reliable evidence of petitioner's guilt.

8) The petitioner was denied the due process of live material witnesses at the Disciplinary Report hearing or a valid reason for denying those live witnesses.

9) The April 28, 2005 Disciplinary Report hearing team's written statement was legally insufficient to provide the petitioner with the requisite due process where there were no reasons stated for the punishment inflicted upon the petitioner.

10) The April 28, 2005 Disciplinary Report

> hearing team's written statement was legally
> insufficient to provide the petitioner with
> the requisite due process where there were no
> statements demonstrating the consideration of
> FDC Fla. Admin. Code. R. 33-601.301(1)(h)2.
> or 33.601-308(2)(l).

[D.E. 1].

## PROCEDURAL HISTORY

Petitioner is an incarcerated prisoner serving two life sentences for capital sexual battery on a minor under the age of twelve years. (See [D.E. 6]). He is currently housed at Martin Correctional Institution. (See [D.E. 6]). On April 28, 2005, Petitioner was issued two disciplinary reports (DR LOG #404-050517 - Disobeying an Order & DR LOG #404-050516 - Disorderly Conduct)of which he now seeks habeas relief.(See [D.E. 1]). Petitioner was notified of the charges on May 4, 2005. (See [D.E. 6]). The disciplinary hearing was convened on May 17, 2005. (See [D.E. 6]). Petitioner was found guilty on both charges. (See [D.E. 6]). As to DR LOG #404-050517, Petitioner forfeited sixty days gain time and given thirty days of disciplinary confinement. (See [D.E. 6]). As to DR LOG #404-050516, Petitioner was given thirty days of disciplinary confinement but no forfeiture of gain time.  (See [D.E. 6]).

On May 20, 2005, Petitioner filed an institutional grievance log #505-404-116 in which he challenged the issuance of both disciplinary grievance reports. (See [D.E. 6]). The Petitioner's grievance was returned because, in relevant part, "each Disciplinary Report is a separate entity and must be grieved on its own merits." [D.E. 6]. Rather than re-submit his grievances separately, Petitioner filed an appeal with the Office of the Secretary on May 27, 2005. (See [D.E. 6]). The Secretary returned, without action, Petitioner's appeal based on non-compliance with Chapter 33-103, Inmate Grievance Procedure

because his grievance at the institutional level was determined to be in non-compliance with the requirements of the rule. (See [D.E. 6]).

On June 27, 2005, rather than simply filing individual grievances at the institutional level, Petitioner filed a Petition for Writ of Mandamus in the Circuit Court, in and for, Leon County, Florida. (See [D.E. 6]). On January 27, 2006, the trial court issued an Order dismissing Smith's petition. (See [D.E. 6]). In dismissing the petition, the trial court specifically found 1) although Petitioner entitled the petition was a writ of mandamus, in actuality, the motion is seeking certiorari relief from a quasi-judicial administrative proceeding; 2) the disciplinary proceedings did not depart "from the essential requirements of law"; 3) the "proceedings against Mr. Smith comported with due process requirements as set out in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed.2d 418 (1995) and Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed.2d 935 (1974)"; 4) Petitioner "received written notice of the infractions, was provided the opportunity to call witnesses, and received a written report specifying the evidentiary basis for the disciplinary team's conclusion"; 5) "[t]he written statement of witnesses to the events met the standard of proof set out in Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 472, 86 L.Ed.2d. 356, 365, 105 S.Ct 2768, 2774 (1985)"; 6) [w]hile the petitioner made one attempt to use his administrative remedies by filing a formal grievance challenging at least 13 points with regard to the two Disciplinary Reports, he did not pursue the administrative process after being informed that his grievance improperly contained more than one issue or complaint"; 7) "petitioner is cautioned that his access to the courts, while constitutionally protected, is not limitless and that abuse of court processes which interferes with the orderly administration of justice and the access to courts of other

citizens will not be allowed"[1]; 8) no "amendment regarding mandamus relief will be allowed unless the petitioner properly alleges and demonstrates that he has exhausted his administrative remedies and finally the court advised that "[n]o rehearing of this order will be entertained." (See [D.E. 6, Ex. 9]).

The Petitioner then appealed this Order to the First District Court of Appeal and raised six grounds for relief:

> 1) The lower court had no authority to impose any court costs and fees payment plan upon the appellant nor any lien against the appellant for court costs and fees.
>
> 2) The lower court had no authority to preclude appellant's right to rehearing of its Order Dismissing Petition.
>
> 3) The lower court's Order Dismissing Petition erroneously castigates the appellant for exercising his right of access to the courts.
>
> 4) The lower court erred as a matter of law when it treated any part of appellant's Complaint as a petition for writ of certiorari.
>
> 5) The court erred as a matter of law when it found that appellant failed to exhaust his administrative remedies as a prerequisite to mandamus relief.
>
> 6) When it failed to grant appellant's mandamus relief requested, the lower failed to extend due process to the appellant, departed from the essential requirements of law, and failed to recognize that the administrative proceedings under review were not supported by competent substantial evidence.

---

[1] The court noted that Petitioner had filed eleven cases in that court since the year 2000 and over forty cases in the state appellate courts.

5

[D.E. 1].

On August 3, 2007, the First District per curiam affirmed the trial court's dismissal of Petitioner's Writ of Mandamus but did reverse the trial court's order of court costs and fees assessed against the Petitioner. (See [D.E. 6]).

On December 21, 2007, Petitioner came to this Court filing the instant petition for writ of habeas corpus. (See [D.E. 1]). For the following reasons, habeas relief is denied.

## **DISCUSSION**

Petitioner is no stranger to the Court. Smith has unsuccessfully sought §2241 relief from other disciplinary infractions in case numbers 01-2417-CIV-Moore, 02-14018-CIV-Moore and 03-22036-CIV-Gold. Petitioner has also filed five separate complaints pursuant to 28 U.S.C. §1983, a complaint against the Immigration and Naturalization Service pursuant to 5 U.S.C. §552 and a writ of habeas corpus for his underlying conviction and life sentence for capital sexual battery.[2] Petitioner has also filed voluminous pleadings in the lower state and appellate courts, as well as the Eleventh Circuit Court of Appeals. (See [D.E. 6, Ex. 9]). Here, the Petitioner is arguing claims for relief which were not exhausted in the state courts. Therefore, habeas relief is denied.

## **ANALYSIS**

The respondent correctly concedes that this petition was filed timely pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v.

---

[2] 05-21820-CIV-Lenard; 04-14015-CIV-Middlebrooks;06-14066-CIV-Moore;06-14201-CIV-Moore; 06-14361-CIV-Graham; 02-21634-CIV-Moreno and 01-14076-CIV-Middlebrooks.

Bennett, 531 U.S. 4 (2000)(pendency of properly-filed state post-conviction proceedings tolls the AEDPA limitations period).

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court interpreted this provision as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

7

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. Id.; see also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295 (quoting Bell v. Cone, 535 U.S. 685 (2002)).

Smith's habeas petition is governed by the Antiterrorism and

Effective Death Penalty Act of 1996, "which limits our review of the decisions of the state courts and establishes a 'general framework of substantial deference' for reviewing 'every issue that the state courts have decided.'" Fotopoulos v. Secretary, 516 F.3d 1229, 1232 (11th Cir. 2008) (citing Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007)(quoting Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005)).

The Court is further bound by the restrictions set forth in 28 U.S.C. §2254(e). Section 2254(e) provides:

> **(e)(1)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

While, Smith's Petition is timely, his claims are unexhausted and habeas relief cannot be granted.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c)[3] See Mauk v. Lanier, 484 F.3d 1352, 1357

---

[3]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>    (A) the applicant has exhausted the remedies available in the courts of    the State; or
>    (B)(i) there is absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the

9

(11 Cir. 2007). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971).

Here, the Petition suffers a fatal flaw regarding the exhaustion requirement of 28 U.S.C. §2254(b),(c). As the trial court correctly noted, the Petitioner "did not pursue the administrative process after being informed that his grievance improperly contained more than one issue or complaint. See Fla. Admin. Code 33-103.003(2)(g)("Each grievance must address only one issue or complaint.")." (See [D.E. 6, Ex. 9] at 4).[4] As

---

       applicant.

                .   .   .

       (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[4] The trial court also found:

       Rather than amending his formal grievance to comply with the administrative rule, he challenged the institution's denial of his grievance to the Secretary of the Department. The petitioner's claim to the Secretary were not the subject of his grievance at the institutional level, but challenged the procedure by which his

such, the claims Petitioner seeks relief from here were not exhausted in state court.

Therefore, the Court must decline review of this claim as it has been unexhausted in the state court. See Baldwin v. Reese, 541 U.S. 27, 30-2 (2004). See also Keller v. Larkins, 251 F.3d 408, 413-15 (3d Cir. 2001)(holding that habeas petitioner's claim of violation of federal due process in admission at murder trial of evidence of his gang connections was unexhausted where petitioner argued in state court that the admission of the evidence violated state standards regarding proof of uncharged bad acts and that its prejudicial impact outweighed its probative value, but neither the federal Constitution nor any judicial decision based on the federal Constitution was mentioned and passing references in state court to the concept of a "fair trial" were insufficient to give the state courts fair notice that petitioner was asserting a federal constitutional claim), cert. denied, 534 U.S. 973 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999)(holding that habeas petitioner did not fairly present to state supreme court his federal due process claim that there was insufficient evidence of premeditation to support his conviction for first-degree murder, and thus could not seek habeas review of that claim, where petitioner had based claim only on state law and did not cite to Federal Constitution or precedent; mere claim that state had failed to prove petitioner committed the charged offense was insufficient to exhaust federal claim), cert. denied, 529 U.S. 1009 (2000).

---

> claims at the institutional level were rejected. This "appeal" to the Secretary was not in compliance with Rule 33-103 because claims to the Secretary must first be made at the institutional level.

[D.E. 6, Ex.9].

**CONCLUSION**

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 3rd day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Glenn C. Smith
    Martin Correctional Institution
    1150 S.W. Allapattah Road
    Indiantown, Florida 34956-4397

    Monique E. L'Italien
    Assistant Attorney General
    1515 North Flagler Drive, Suite 900
    West Palm Beach, Florida 33401-3432